IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD ANTHONY JENKINS,

        Plaintiff,

      v.

WARREN ROBERTS *et al.*,

        Defendants.

Case No. 2:25-cv-00295-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Richard Anthony Jenkins ("Jenkins"), a self-represented litigant in custody at Columbia River Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting several claims arising under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Health Insurance Portability and Accountability Act. The Court previously granted Defendants' motion to dismiss and dismissed the complaint with leave to amend, finding Jenkins' claims untimely or lacking adequate specificity to state a plausible claim for relief. (ECF No. 29.) Jenkins timely filed an amended complaint. (ECF No. 30.)

PAGE 1 – OPINION AND ORDER

Now before the Court is Dr. Benjamin Smith's ("Dr. Smith") motion to dismiss the amended complaint (ECF No. 33), which is joined by Dr. Warren Roberts ("Dr. Roberts") and Joe Bugher ("Bugher") (together, "Defendants"). (ECF Nos. 34, 36.) For the following reasons, the Court grants in part and denies in part the motion to dismiss.

## BACKGROUND

In his amended complaint, Jenkins asserts two claims for relief against Dr. Smith, a medical provider at Oregon State Penitentiary ("OSP"); Dr. Roberts, formerly the Oregon Department of Corrections' ("ODOC") Chief Medical Director; and Bugher, formerly the Assistant Director of ODOC Medical Services, in connection with their alleged denial of constitutionally adequate medical care during Jenkins' incarceration at OSP.

In Claim One, Jenkins alleges that a podiatrist determined in March 2023 that Jenkins' body was "rejecting" a "[one-inch] screw" that had previously been infused to set a break in Jenkins' right big toe, causing him severe pain, loss of circulation, and a burning sensation that impaired his ability "to walk, stand, relax, sleep or perform simple daily activities." (Am. Compl. at 4-5.) Jenkins alleges that although the podiatrist recommended surgery to remove the screw, Defendants, by way of the Therapeutic Level of Care ("TLC") Committee, refused to approve the procedure for over a year. (*Id.* at 5-6.) Jenkins alleges that despite his frequent complaints of pain, decreased circulation, and impaired mobility, Dr. Smith declined to perform any kind of examination or provide treatment "outside of mere conversations[,]" and Dr. Roberts and Bugher consistently denied surgery to remove the screw as "medically unnecessary." (*Id.*) Jenkins claims that it was only after he filed a habeas corpus action in state court in May 2024 that the TLC Committee referred him to a second podiatrist (who also recommended surgery to remove the screw) and ultimately approved the procedure in August 2024. (*Id.* at 6.) Jenkins alleges that the

PAGE 2 – OPINION AND ORDER

screw was finally removed on November 4, 2024, but that he has suffered residual pain due to nerve damage caused by the delay. (*Id.* at 5-6.)

In Claim Two, Jenkins alleges that from March to December 2023, he "relentlessly" informed Dr. Smith of continuing pain and decreased mobility in his knee, which Dr. Smith "downplayed" as "a mere strain" based on "verbal conversational care without physical examination." (Am. Compl. at 7.) Jenkins alleges that after he was transferred out of OSP in December 2023, the TLC Committee "finally" approved magnetic resonance imaging in April 2023, which "showed two tears in [Jenkins'] left and right-side Meniscus." (*Id.*) Jenkins alleges that despite his complaints of extreme pain and impaired mobility, Defendants merely recommended icing the injury and "blatantly refused to simply provide any form of care as simple as a knee brace" until after filing for habeas corpus relief in May 2023. (*Id.* at 8-9.) Jenkins alleges that he underwent orthoscopic surgery to mend the tears in December 2024 but suffers residual injury to his right hip and lower back from having to shift his weight to his right foot to accommodate his left knee injury. (*Id.*)

**LEGAL STANDARDS**

## I.    MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

PAGE 3 – OPINION AND ORDER

that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where a plaintiff's "complaint pleads facts that are 'merely consistent with' a defendant's liability, [the plaintiff's complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    SELF-REPRESENTED LITIGANTS

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021), and should treat "pro se litigants . . . with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). The Supreme Court, however, has also recognized that "[d]istrict [courts] have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Thus, there are limits on the leeway that courts must afford to self-represented litigants. *See Washington v. Kijakazi*, 72 F.4th 1029, 1039-40 (9th Cir. 2023) ("[T]here are limits to what a court must do to accommodate a party appearing pro se." (citing *Pliler*, 542 U.S. at 231)); *see also Atkins v. Montgomery*, No. 20-56007, 2024 WL 3594386, at *2 (9th Cir. July 31, 2024) (rejecting the self-represented plaintiff's arguments that the magistrate judge failed to provide "meaningful assistance" on exhaustion, or "take into account the amount of time remaining on [his] one-year statute of limitations in requiring a response to her order" (citing *Pliler*, 542 U.S. at 231)).

For example, "[a]lthough [courts] construe pro se pleadings liberally, especially in civil rights cases, [they] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d

PAGE 4 – OPINION AND ORDER

1135, 1140 (9th Cir. 2011) (en banc) (observing that a court's "liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled") (simplified).

## DISCUSSION

In Claims One and Two, Jenkins alleges that Defendants delayed or denied constitutionally adequate medical care for foot and knee injuries from March 2023 to December 2024. Dr. Smith moves to dismiss Jenkins' claims, arguing that he has failed plausibly to allege facts that give rise to a recognized right to relief. (State Def. Smith Mot. Dismiss ("Smith Mot.") at 3-4, ECF No. 33.) Dr. Smith further argues that Jenkins' claims are untimely. (*Id.* at 4-5.) Dr. Roberts and Bugher join Dr. Smith's motion and "contend[] that the arguments and legal authorities advanced therein apply equally to the claims asserted against [them]." (Def. Warren Roberts' Joinder ("Dr. Roberts' Joinder") at 1, ECF No. 34; Def. Joe Bugher's Joinder ("Bugher's Joinder") at 1, ECF No. 36.)

## I.      FAILURE TO STATE A CLAIM

Dr. Smith argues that the Court should dismiss him because Jenkins' "conclusory" allegations are insufficient to establish that he was deliberately indifferent to Jenkins' serious medical need. (Smith Mot. at 3-4.) Dr. Smith further argues that to the extent Jenkins alleges a violation of the Equal Protection Clause, such claim "must fail" because Jenkins "has not identified a single other individual who was treated differently[.]" (*Id.* at 3.)

### A.      Eighth Amendment Claims

To state an Eighth Amendment claim for the delay or denial of adequate medical care, a plaintiff must allege facts to support a reasonable inference that the defendant acted with deliberate indifference to his serious medical needs. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). The deliberate indifference prong "is satisfied by showing (a) a purposeful

PAGE 5 – OPINION AND ORDER

act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (simplified); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (explaining that a prison official is deliberately indifferent "only if he knows of and disregards an excessive risk to an inmate's health and safety" (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002))). This standard "requires more than ordinary lack of due care." *Colwell*, 763 F.3d at 1066; *see also Toguchi*, 391 F.3d at 1057 (explaining that "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights" (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc))). Indeed, a defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." *McGuckin*, 974 F.2d at 1060.

Dr. Smith argues that the allegations in the amended complaint are insufficient to state a claim because they include "conclusory allegations[.]" (Smith Mot. at 4.) Dr. Smith identifies two examples of allegations he considers conclusory but provides no other argument or analysis. (*See id.*) Dr. Roberts and Bugher similarly fail to offer any particularized analysis or argument to support the motion, instead asserting that Dr. Smith's arguments and authorities are "equally" applicable to them and should suffice to dismiss Jenkins' claims. (*See* Dr. Roberts' Joinder at 1; Bugher Joinder at 1.)

Where, as here, an individual in custody alleges that the delay of medical treatment amounts to deliberate indifference, he must show that the delay caused "significant harm and that Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002); *see also Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.

PAGE 6 – OPINION AND ORDER

1985) (explaining that mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference"). Here, Jenkins alleges that despite a podiatrist's determination that the screw implanted in Jenkins' right big toe needed to be removed because his body was rejecting the hardware, Defendants denied the removal procedure as "medically unnecessary" and otherwise failed to take any meaningful action to address Jenkins' pain for over a year. (Am. Compl. at 4-6.) Jenkins further alleges that despite his frequent complaints of significant knee pain, Defendants downplayed his symptoms and refused even basic treatment or diagnostic testing other than icing the injury for months. (*Id.* at 7-9.) Jenkins claims that these delays resulted in lasting nerve damage to his foot and additional injuries to his back and hip after overusing his right side to compensate for the injury to his knee. (*Id.* at 5-6, 8-9.)

The Court finds that Jenkins' allegations are sufficient to state an Eighth Amendment claim against Defendants. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 793 (9th Cir. 2019) (concluding that continuing ineffective treatment despite knowledge of ongoing harm is deliberately indifferent and explaining that "[t]he provision of some medical treatment, even extensive treatment over a period of years, does not immunize officials from the Eighth Amendment's requirements"); *McGuckin,* 974 F.2d at 1062 (noting that the continuation of needless pain on account of the delay in medical treatment may constitute the "harm" necessary to establish an Eighth Amendment violation). Therefore, the Court denies Defendants' motions to dismiss Jenkins' Eighth Amendment claims. *See Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (explaining that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

///

///

PAGE 7 – OPINION AND ORDER

### B.    Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment instructs "that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal protection violation, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class[,]" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or "that he was intentionally treated differently from other similarly situated inmates without a rational basis for such disparate treatment." *Dennison v. Waiawa Corr. Facility*, CIV. No. 16-00389 JMS/KJM, 2016 WL 4419283, at *4 (D. Haw. Aug. 16, 2016) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Although Jenkins references the Equal Protection Clause in the amended complaint, he alleges no facts to indicate that Defendants acted with discriminatory intent or treated him differently than any similarly situated individuals in custody. Jenkins thus fails to state a viable equal protection claim, and the Court grants Defendants' motions to dismiss Jenkins' claims arising under the Equal Protection Clause without prejudice.

## II.    STATUTE OF LIMITATIONS

Dr. Smith moves to dismiss the amended complaint as untimely "to the extent [it] asserts state law claims." (Smith Mot. at 2; *see also* Smith Mot. at 4-5, discussing accrual of claims only under state law.) Although Dr. Smith briefly summarizes the relevant legal standards, he does not include any meaningful legal analysis of a possible statute of limitations defense. Further, Jenkins has asserted only Section 1983 claims, not state law claims. For these reasons, the Court denies Defendants' motion to dismiss on statute of limitations grounds with leave to renew at summary judgment.

**CONCLUSION**

For the reasons stated, the Court GRANTS IN PART Dr. Smith's Motion to Dismiss (ECF No. 33) and DISMISSES from the amended complaint Jenkins' equal protection claim. The Court DENIES the remainder of the motion and ORDERS Defendants to file an answer to the amended complaint by March 26, 2026.

**IT IS SO ORDERED.**

DATED this 12th day of March, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER